884 F.2d 578
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ALLIANCE CHAPTER, NATIONAL ASSOCIATION FOR THE ADVANCEMENT
OF COLORED PEOPLE (NAACP), Plaintiff-Appellant,
Mildred A. Smith, Plaintiff,
v.
CITY OF ALLIANCE SCHOOL BOARD; Defendant-Appellee,
Richard Tormasi, Superintendent, Defendant,
R.G. Hamrick, Former Supt.; Bruce Wiegel; Marguerite
Hillman; R.R. Denny Clunk; Marjorie Cooke;
Betty Schaper; Raymond Vandayburg;
David Howe, Dr.; Mary Day,
Defendants-Appellees.
 No. 88-3906.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1989.
 
 Before ENGEL, Chief Judge and KEITH and BOYCE F. MARTIN, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Alliance Chapter National Association for the Advancement of Colored Persons (NAACP) appeals an order of the United States District Court for the Northern District of Ohio denying a motion for the extension of a consent decree entered in that court on May 3, 1983.
 
 
 2
 In 1983, the district court entered a consent decree (Decree) between the NAACP and the City of Alliance School Board (Alliance) as part of a settlement of a school desegration case. Under the Decree, the school board had three obligations: 1. redrawing the elementary school boundaries to achieve a racial composition in the schools reflecting the racial composition in the whole district, 2. establishing recruiting practices to attract minority educators and administrators to meet a 15% minority hiring goal, and 3. engaging in reporting the efforts toward compliance. The Decree was to remain in effect for five years from the date it was signed by the district court, May 3, 1983. The complaint in the action was correspondingly dismissed with prejudice.
 
 
 3
 The NAACP took no further legal action prior to filing this motion in 1988. It did, however, communicate with Alliance seeking copies of the mandatory reports and in April, 1988, it attempted to negotiate an extention to the Decree to no avail. On June 15, 1988, they filed this motion to extend the Decree for an additional five years to give Alliance more time to comply with its terms. They alleged that Alliance had failed to comply with the provisions of the Decree regarding hiring and reporting.
 
 
 4
 Alliance opposed the motion claiming initially that the court lacked jurisdiction to extend the consent decree because it had expired by its own terms before the motion was filed and that even if the court did have such power, that there was no justification for an extension because they had complied with the terms of the Decree.
 
 
 5
 On August 24, 1988, the district court denied the motion to extend the Decree based on the briefs and oral argument of the parties but without the evidence offered by the NAACP because the court refused to accept the evidence. The denial of the motion determined that the court did, in fact have the power and authority to modify or extend the Decree and that although Alliance had failed to comply with the terms of the Decree, the NAACP had failed to show the required "compelling reasons" required for the court to grant the extraordinary relief requested. Rather the court noted that continued failure in this area by Alliance would subject them to another lawsuit which is the appropriate remedy as opposed to extending a consent decree which had appropriately terminated. The NAACP appeals.
 
 
 6
 On appeal, the NAACP argues that while the district court was correct in concluding it possessed the power to extend the Decree it nonetheless applied the incorrect test to determine whether that relief was appropriate here. Rather than requiring the NAACP to show compelling reasons for an extension, they argue, the court should have determined whether an extension would thwart or further the purpose of the Decree and what the reasonable expectations of the parties were when the Decree was entered. To make such findings, they argue, the court should have conducted an evidentiary hearing.
 
 
 7
 Alliance contends initially that the district court does not possess the power to extend a Decree which by its own terms has already terminated and that the NAACP waived any right to seek further enforcement of the Decree by allowing it to expire before moving to extend it. Alliance supports Chief Judge Battisti's holding that the correct standard here is whether the NAACP has shown changed or exceptional circumstances warranting a modification and further supports his holding that no such showing was made here. They also contend that they complied with the terms of the Decree therefore negating any need to extend the Decree. Finally they claim that an evidentiary hearing is not required in this context.
 
 
 8
 For the purposes of our decision, we assume but do not decide that the trial judge possessed the power to reopen the consent decree when its operation had terminated by its own terms, no effort had been made by plaintiffs to seek the relief of the court during the effective life of the Decree, and no basis was given for setting aside the time requirements on it. But see United States v. Overton, 834 F.2d 1171 (5th Cir.1987).
 
 
 9
 In all events, we are fully satisfied that it was not an abuse of his discretion for the trial judge to deny the request to extend the Decree under the circumstances before him, nor were the facts presented to him on behalf of the plaintiffs sufficient to impose a duty on his part to entertain an evidentiary hearing before exercising that discretion. As observed by Judge Battisti, "[t]aking every assertion advanced by Plaintiffs' counsel as provable, the case is not one that cries out for the extraordinary relief requested, namely doubling the duration of this matter's agreed settlement which the parties and Judge Contie found appropriate."
 
 
 10
 We agree. Accordingly, the judgment of the district court is AFFIRMED.